IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THOMAS J. FOX,

    Plaintiff,

  vs.

COUNTY OF TRINITY, et al.,

    Defendant.

                              /

No. 2:16-cv-1422-KJM-CMK-P

FINDINGS AND RECOMMENDATIONS

        Plaintiff, proceeding pro se, brings this civil action. Pending[1] before the court is plaintiff's complaint/petition for writ of mandamus (Doc. 1).

        The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or

---

[1] Defendant Shanna S. White has also filed a motion to dismiss (Doc. 3). This motion was filed prematurely, as the court had not screened the complaint, authorized service, and/or issued a summons. As such, the motion to dismiss should be denied as unnecessary and moot.

1

1  malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief
2  from a defendant who is immune from such relief.  See 28 U.S.C. §§ 1915(e)(2)(A), (B) and
3  1915A(b)(1), (2).  Moreover, pursuant to Federal Rule of Civil Procedure 12(h)(3), this court
4  must dismiss an action if the court determined that it lacks subject matter jurisdiction.  Because
5  plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court
6  will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also
7  consider as a threshold matter whether it has subject-matter jurisdiction.

8  Plaintiff brings this action against the Trinity County election officials.  It is a bit
9  unclear exactly what wrong plaintiff claims has been done, but it appears to involve the handling
10 of ballots.  Plaintiff is requesting this court issue an order requiring the election officials in
11 Trinity County to hand count all ballots.

12 Under 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their
13 respective jurisdictions . . . ."  In addition, the district court has original jurisdiction under 28
14 U.S.C. § 1361 to issue writs of mandamus.  That jurisdiction is limited, however, to writs of
15 mandamus to "compel an officer or employee of the United States or any agency thereof to
16 perform a duty . . . ."  28 U.S.C. § 1361 (emphasis added).  It is well-established that, with very
17 few exceptions specifically outlined by Congress, the federal court cannot issue a writ of
18 mandamus commanding action by a state or its agencies.  See e.g. Demos v. U.S. Dist. Court for
19 Eastern Dist. of Wash., 925 F.2d 1160 (9th Cir. 1991).  Where the federal court does have
20 jurisdiction to consider a petition for a writ of mandamus, such a writ may not issue unless it is to
21 enforce an established right by compelling the performance of a corresponding non-discretionary
22 ministerial act.  See Finley v. Chandler, 377 F.2d 548 (9th Cir. 1967).

23 Plaintiff's request is outside this court's power.  The individuals plaintiff contends
24 are mishandling the ballots are not employees of the United States.  This court does not,
25 therefore, have to power to command these individuals' actions.
26 / / /

1  Based on the foregoing, the undersigned recommends that plaintiff's
2  complaint/petition for a writ of mandamus (Doc. 1) be denied, and this action be dismissed.
3  These findings and recommendations are submitted to the United States District
4  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days
5  after being served with these findings and recommendations, any party may file written
6  objections with the court.  Responses to objections shall be filed within 14 days after service of
7  objections.  Failure to file objections within the specified time may waive the right to appeal.
8  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  August 5, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE